SC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Kenneth Qualls,<br><br>                    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>                    Respondents. | No.  CV 13-1288-PHX-JAT (DKD)<br><br><br>**ORDER** |

Petitioner William Kenneth Qualls, who is confined in the Arizona State Prison Complex, South Unit, in Florence, Arizona, has filed a *pro se* Request for Oversized Brief and Filing and lodged a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner has paid the $5.00 filing fee.  The Court will grant the motion to file an oversized brief but will dismiss the Petition as premature.

**I.    Petition**

Petitioner was convicted by a jury in Maricopa County Superior Court, case #CR2003-007036, of six counts of sexual conduct with a minor, one count of attempted sexual conduct with a minor, two counts of child molestation, and one count of kidnapping and was sentenced to an 89-year term of imprisonment.[1]  The Arizona Court of Appeals issued its mandate denying appellate relief on June 29, 2005.[2]  Petitioner's

---

[1] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1157459.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/112003/m1196772.pdf (last visited July 3, 3013).

[2] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082009/m3823860.

first state post-conviction proceeding was dismissed on January 20, 2006, after Petitioner failed to file a pro se Rule 32 petition.[3] On July 27, 2009, Petitioner's second, untimely Rule 32 post-conviction proceeding was dismissed.[4] On January 28, 2010, a third Rule 32 proceeding was dismissed.[5] On August 4, 2010, Petitioner's fourth Rule 32 proceeding was dismissed.[6] According to records available on-line, three petitions for review from the denial of post-conviction relief are pending in the Arizona Court of Appeals.[7]

## II. Discussion

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. The failure to exhaust subjects the Petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding). The prisoner must await the outcome of the

---

pdf (last visited July 3, 2013).

[3] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/012006/m2085357.pdf (last visited July 3, 2013).

[4] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082009/m3823860.pdf (last visited July 3, 2013).

[5] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/012010/m4070266.pdf (last visited July 3, 2013).

[6] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082010/m4333329.pdf (last visited July 3, 2013).

[7] *See* http://apps.supremecourt.az.gov/aacc/1ca/1capartyindex.htm, case 1CA-CR12-0253-PRPC, 1CA-CR12-0402-PRPC, and 1CA-CR12-0756-PRPC (last visited July 3, 2013).

1 pending state-court challenge before proceeding in federal court, "even where the issue to
2 be challenged in the writ of habeas corpus has been finally settled in the state courts."
3 *Sherwood*, 716 F.3d at 634.   The pending state-court proceedings could affect the
4 conviction or sentence and, therefore, could ultimately affect or moot these proceedings.
5 *Id.*

6 In light of Petitioner's pending petitions for review from the denial of state post-
7 conviction relief, the Petition is premature and must be dismissed. *See id.*; *Schnepp*. The
8 Court will dismiss the case without prejudice.

9 **IT IS ORDERED:**

10 (1) Petitioner's request to file an oversized brief is **granted**. (Doc. 1.)

11 (2) Petitioner's Petition for Habeas Corpus (originally attached to Doc. 1) and
12 this case are **dismissed without prejudice**.

13 (3) The Clerk of Court must enter judgment accordingly and close this case.

14 (4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the
15 event Petitioner files an appeal, the Court declines to issue a certificate of appealability
16 because reasonable jurists would not find the Court's procedural ruling debatable. *See*
17 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

18 Dated this 23rd day of July, 2013.

James A. Teilborg
Senior United States District Judge

- 3 -