WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Kenneth Qualls, | No. CV-13-01288-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's "Objection to Magistrate Duncan's Order (10/27/14) and Motion for Reconsideration Complaint Request for Investigation." The Court overrules Petitioner's objection.

**I.      PROCEDURAL BACKGROUND**

On July 24, 2013, Plaintiff filed a habeas corpus petition under 28 U.S.C. § 2254 as a pro se litigant. (Doc. 29). Subsequently, Plaintiff filed a multitude of motions. The motions at issue include a motion for ruling on the evidence in the record, (Doc. 73), a motion for an order for Respondent to produce proof of subject matter jurisdiction, (Doc. 76), a motion for leave to proceed *in forma pauperis*, (Doc. 78), a motion for certification of Arizona statutes as valid constitutional state laws, (Doc. 80), three motions for correction of error, (Docs. 87, 110, 116), three motions for an order to have Respondents produce the entire record, (Docs. 89, 91, 115), a motion to appoint counsel, (Doc. 96), two motions for an evidentiary hearing, (Docs. 107, 113), a motion for ruling without subject matter jurisdiction being proved, (Doc. 108), a motion to disqualify the Magistrate Judge, (Doc. 109), and two motions requesting leave to file excess pages,

(Docs. 94, 98). On October 27, 2014, the Magistrate Judge issued an order, (Doc. 20), granting Petitioner's motions requesting leave to file excess pages, (Docs. 94, 98), and denying Petitioner's other motions (Docs. 73, 76, 78, 80, 87, 89, 91, 96, 107, 108, 109, 110, 113, 115, 116). Petitioner objects to the Magistrate Judge's order denying these motions.

## II.     DISCUSSION

### A.     Appealing a magistrate judge's order

> Within 10 days after being served with a copy of [a] magistrate judge's order, a party may serve and file objections to the order . . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a). Here, Plaintiff seeks to overturn the Magistrate Judge's order, (Doc. 120). (Doc. 123).

### 1.     Motion to appoint counsel

The Magistrate Judge denied Petitioner's motion to appoint counsel. (Doc. 120 at 1–2). The Magistrate Judge reasoned that:

> Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966). The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Qualls has not shown that he is more likely to succeed on the merits of his claims than any other habeas petitioner before this Court, nor has he shown that his claims are complex.

(Doc. 120 at 1–2).

Petitioner requests the Court to reverse the Magistrate Judge arguing that the

failure to appoint counsel has caused Petitioner's "grounds and documents not to be presented in court." (Doc. 123 at 5). Petitioner further contends that he has produced exhibits demonstrating the complexity of his claims and his need for appointed counsel. (*Id.* at 6). Petitioner asserts that the Magistrate Judge "did not even look at this evidence" and failed "to personally review [his] petition, evidence, exhibits and affidavits . . . ." (*Id.*) However, Petitioner does not present any evidence supporting his assertion. Moreover, the undersigned has previously denied one of Petitioner's motions for appointment of counsel. (Doc. 67 at 3). For these reasons and the reasons stated in the Magistrate Judge's order, which are not clearly erroneous nor contrary to law, Petitioner's objections to the Magistrate Judge's order are overruled.

## 2.     Motion to disqualify the Magistrate Judge

The Magistrate Judge also denied Petitioner's motion to disqualify the magistrate judge. The Magistrate Judge explained:

> Section 455(a) of title 28 provides that a United States judge or magistrate judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself, where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an *extra*-judicial source, not from conduct or rulings during the course of the proceedings. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they

> display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*
> Qualls seeks disqualification solely based on rulings in this case. As discussed above, that is not a basis upon which the Court's impartiality might reasonably be questioned for purposes of § 455(a). Further, the Court does not have a personal bias or prejudice concerning Qualls or other potential parties to this action or personal knowledge of disputed evidentiary facts at issue in this proceeding. The Court also discerns no appearance of impropriety by presiding over the instant case.

(Doc. 120 at 230).

Petitioner requests the Court to disqualify the Magistrate Judge. He argues that the Magistrate Judge has "personal knowledge of disputed facts," his "rulings are based on misinformation that the court refuses for whatever reason to correct," and he has allowed "statements by the assistant attorney general to . . . prejudice his ruling." (Doc. 123 at 9). Again, Petitioner has not provided any evidence to support his allegations. Additionally, Petitioner previously moved to disqualify the undersigned, and this Court applied the same legal standard to evaluate that motion; thus, the Magistrate Judge did not commit any legal error. (Doc. 67 at 5). For these reasons and the reasons stated in the Magistrate Judge's order, which are not clearly erroneous nor contrary to law, Petitioner's objections to the Magistrate Judge's order are overruled.

### 3. Petitioner's dispositive motions

The Magistrate Judge denied Petitioner's dispositive motions including a motion for ruling on the evidence in the record, (Doc. 73), motion for an order for Respondent to produce proof of subject matter jurisdiction, (Doc. 76), motion for certification of Arizona statutes as valid constitutional state laws, (Doc. 80), motion for ruling without subject matter jurisdiction being proved, (Doc. 108), and motions for correction of error, (Docs. 87, 110, 116). The Magistrate Judge noted that only a district court judge can grant habeas relief based on the grounds in the Petition and Petitioner cannot obtain habeas relief in this case through a motion seeking a ruling on the merits of his Petition. (Doc. 120 at 1). Petitioner requests the Court to overturn the Magistrate Judge's ruling.

Consistent with 28 U.S.C. § 636 and Local Rule of Civil Procedure 72.2(a)(2), the

1 Magistrate Judge cannot rule on the merits of this case or dispose of the case by granting
2 a dispositive motion. The Magistrate Judge will issue a report and recommendation and
3 the undersigned will make the final ruling on the merits. LRCiv 72.2(a)(2). Accordingly,
4 Petitioner's objections to the denial of his dispositive motions are overruled.

### 4. Other motions

The Magistrate Judge denied Petitioner's motion for leave to proceed *in forma pauperis*, (Doc. 78), as moot because Petitioner paid the required $5.00 filing fee. (Doc. 120 at 1). The Magistrate Judge also denied Petitioner's motions for an order to have Respondents produce the entire record, (Docs. 89, 91, 115), and motions for an evidentiary hearing (Docs. 107, 113), as premature because the Magistrate Judge had not yet issued a report and recommendation. (Doc. 120 at 2). Petitioner has not made a discernable argument regarding the Magistrate Judge's denial of these motions. Accordingly, any objection to these rulings is overruled.

### B. Subject Matter Jurisdiction

Petitioner seems to assert that the Magistrate Judge and the Federal District Court lack subject matter jurisdiction over Petitioner's claims. (Doc. 123 at 6, 8). The Federal District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2254, the Magistrate Judge has subject matter jurisdiction under 28 U.S.C. § 636 and Local Rule of Civil Procedure 72.2(a)(2). Additionally, Petitioner voluntarily filed his Petition in this Court. Accordingly, the Federal District Court and the Magistrate Judge have subject matter jurisdiction over Petitioner's claims.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**III.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's "Objection to Magistrate Duncan's Order (10/27/14) and Motion for Reconsideration Complaint Request for Investigation," (Doc. 123) is overruled and denied.

Dated this 17th day of December, 2014.

James A. Teilborg
Senior United States District Judge