1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT

7                           FOR THE DISTRICT OF ARIZONA

8

9    William Kenneth Qualls,                    No. CV-13-1288-PHX-JAT (DKD)

10                          Petitioner,

11   v.                                         **REPORT AND RECOMMENDATION
                                                and ORDER**
12   Charles L. Ryan, et al.,

13                          Respondents.

14

15   TO THE HONORABLE JAMES A. TEILBORG, SENIOR U. S. DISTRICT JUDGE:

16          William Kenneth Qualls filed a petition for writ of habeas corpus in June 2013,

17   and an amended petition in April 2014, challenging his convictions in Maricopa County

18   Superior Court for multiple felonies arising out of his sexual contact with minors.  He

19   raises four related arguments in his amended petition, all of which challenge the subject

20   matter jurisdiction of the prosecution and the state courts, and the validity of the Arizona

21   Revised Statutes.  As explained below, the Court recommends that Qualls' petition and

22   amended petition be denied and dismissed with prejudice.

23                                    **BACKGROUND**

24          On October 3, 2003, at the conclusion of a five-day trial in the Maricopa County

25   Superior Court, a jury found Qualls guilty of 10 felonies arising out of his sexual contact

26   with minors.  (Doc. 90, Ex. B)  On November 3, 2003, the court sentenced Qualls to

27   presumptive, consecutive sentences totaling 96 years.  (Doc. 90, Ex. C)

28

Qualls timely appealed arguing that the statute of limitations had run before the State prosecuted him.  (Doc. 90, Exs. D, E)  The Court of Appeals disagreed and affirmed his convictions.  (Doc. 90, Exs. E, ZZ)  Qualls timely petitioned the Arizona Supreme Court for review.  (Doc. 90, Exs. G, H)  On May 24, 2005, the Arizona Supreme Court denied Qualls' petition for review.  (Doc. 90, Ex. G)  Qualls did not file a petition for a writ of certiorari to the United States Supreme Court.

On July 27, 2005, Qualls filed a Notice of Post Conviction Relief in Maricopa County Superior Court.  (Doc. 90, Ex. I)  The Superior Court appointed counsel who, on September 23, 2005, notified the Court that he did not find any claims to raise in post-conviction relief proceedings.  (Doc. 90, Ex. J)  The Superior Court set an extended briefing deadline so that Qualls could file a *pro per* Rule 32 petition.  (Doc. 90, Ex. J)  Qualls did not file any petition before the Superior Court's December 12, 2005 deadline; on January 20, 2006, the Superior Court dismissed Qualls' Rule 32 proceeding.  (Doc. 90, Ex. K)

Successive Rule 32 Petitions.  In March 2009 – over three years after the Superior Court dismissed Qualls' Rule 32 proceeding – Qualls filed a Notice and Petition of Post-Conviction Relief in Maricopa County Superior Court.  (Doc. 90, Exs. L, M)  He argued that his sentence was not imposed in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that his counsel was ineffective.  The Court ruled in July 2009, first noting that the substance of his *Apprendi* claim also included *Blakely v. Washington*, 542 U.S. 296 (2004), but then concluding that neither *Apprendi* nor *Blakely* applied because Qualls had received presumptive and not aggravated sentences.  The Court further concluded that his ineffective assistance of counsel claim could not be raised in an untimely Rule 32 proceeding.  Accordingly, the Court denied his Notice and Petition.  (Doc. 90, Ex. O)  Qualls appealed.  (Doc. 90, Exs. P, Q, R, S)  In February 2011, the Court of Appeals denied review, and in August 2011, the Arizona Supreme Court did, too.  (Doc. 90, Exs. T, U, V, AAA)

In November 2009, Qualls filed in Maricopa County Superior Court a Motion to Dismiss, along with other supporting documents, all of which argued that his convictions should be vacated because the courts did not have subject matter jurisdiction.  (Doc. 90, Exs. W, X)  The Court treated his filing as a successive Rule 32 petition that did not raise any cognizable claims and dismissed it.  (Doc. 90, Ex. Y)

In July 2010, Qualls filed an Amended Petition for Writ of Habeas Corpus in Maricopa County Superior Court.  (Doc. 90, Ex. Z)  In this Petition, he appeared to argue lack of subject matter jurisdiction; violations of due process, equal protection and public laws; invalid law and unconstitutional statutes; fraud; kidnapping and unlawful imprisonment; concealment of evidence; and ineffective assistance of counsel.  (Doc. 90, Ex. Z)  In August 2010, the Court interpreted it as an untimely Rule 32 Petition that did not raise any cognizable claims and dismissed it.  (Doc. 90, Ex. AA)  Qualls petitioned for review but, in April 2012, the Court of Appeals denied his petition.  (Doc. 90, Exs. BB, CC, DD, EE, HHH)

In April 2012, Qualls filed pleadings in the Superior Court which the Court treated as untimely requests for reconsideration and denied them.  (Doc. 90, Exs. FF, GG, HH)  In May 2012, Qualls filed a petition for review in the Court of Appeals which was dismissed.  (Doc. 90, Exs. II, JJ, CCC)

In October 2012, Qualls again filed a Petition for Writ of Habeas Corpus in Maricopa County Superior Court.  (Doc. 90, Ex. MM)  In November 2012, Qualls filed an amended Petition along with several additional pleadings, all of which argued lack of subject matter jurisdiction, violation of due process, invalid law, and unconstitutional statutes.[1]  (Doc. 90, Ex. NN)  The Superior Court again treated his pleadings as a successive Rule 32 petition that did not raise any cognizable claims and dismissed it.

---

[1] Later in November 2012, Qualls filed a "Notice of State's Failure to Rule of Habeas Corpus Request for Order Dismissing State's Action Request for Order" in the Court of Appeals.  (Doc. 90, Ex. BB)  The Court of Appeals treated his motion as a special action and, on November 21, 2012, declined to accept jurisdiction.  (*Id*.)

(Doc. 90, Ex. NN)  Qualls filed a notice of appeal and, in April 2014, the Court of Appeals granted review and denied relief.  (Doc. 90, Exs. OO, PP, FFF)

In December 2012, Qualls filed additional pleadings in Maricopa County Superior Court.  (Doc. 90, Ex. III)  The Court noted that if, as Qualls claimed, he was not seeking Rule 32 relief, then he should file a separate civil action.  (*Id*.)  Accordingly, the Court took no action on his pleadings.  (*Id*.)

In July 2013, Qualls filed a second appellate challenge to the Superior Court's August 2010 dismissal.  (Doc. 90, Ex. EEE)  In September 2013, the Court of Appeals granted review and denied relief, and in January 2014, the Arizona Supreme Court denied his petition for review.  (Doc. 90, Exs. KK, LL)

In September 2013, Qualls filed a Petition for Writ of Habeas Corpus in the Court of Appeals.  (Doc. 90, Exs. QQ, DDD)  The Court of Appeals dismissed his petition because it does not have original habeas jurisdiction and because Qualls did not attempt to invoke appellate jurisdiction or obtain review of the trial court's rulings.  (*Id*.)

Petition for Writ of Habeas Corpus.  On June 27, 2013, Qualls filed a Petition for Writ of Habeas Corpus in this Court.  (Docs. 2, 29)  The Petition was dismissed without prejudice while his state court proceedings finished.  (Doc. 28)  Subsequently, this Court ordered Respondents to answer; before the answer was filed, Qualls filed an Amended Petition along with several other documents.  (Docs. 67, 73)  In the following months, Qualls filed several additional motions and the Court has denied many of them.  (Doc. 120)

Similar to his successive Rule 32 pleadings in Superior Court, Qualls' Petition, Amended Petition, and his other filings in this Court all argue that the Superior Court did not have subject matter jurisdiction, the Arizona Revised Statutes were invalid because they were enacted in violation of the Arizona Constitution, the state courts failed to satisfy his demands for proof of subject matter jurisdiction, the county attorney did not have jurisdiction to prosecute him, and his due process rights were violated.  (Doc. 2 at 6, 33; Doc. 73-1 at 126, 134)

1    Respondents contend that Qualls' Petition is untimely and that he is not entitled to

2    equitable tolling.  (Doc. 90 at 9)  The Court agrees and recommends that the Petition be

3    denied and dismissed with prejudice.

4    **Qualls' Petition for Habeas Relief is Untimely.**

5    A state prisoner seeking federal habeas relief from a state court conviction is

6    required to file the petition within one year of "the date on which the judgment became

7    final by the conclusion of direct review or the expiration of the time for seeking such

8    review."  28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during

9    the time in which a "properly filed application for State post-conviction or other

10   collateral review with respect to the pertinent judgment or claim is pending" in the State

11   courts.  28 U.S.C. § 2244(d)(2).

12   Qualls' conviction became final on August 22, 2005, when the time period for

13   filing a petition for writ of certiorari in the United States Supreme Court expired.

14   *Gonzalez v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 653-54 (2012).  However, on July 27,

15   2005, Qualls timely filed a Notice for post-conviction relief which initiated a tolling

16   period.  *Isley v. Arizona Dep't. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004)

17   (tolling starts on the date that a Notice is filed under Rule 32 for purposes of 28 U.S.C. §

18   2244(d)(2)).  But Qualls never filed a petition and the Maricopa County Superior Court

19   dismissed his incomplete post-conviction relief proceedings on January 20, 2006.  At this

20   point, the tolling period ended and his one year timeframe for filing a habeas petition in

21   this Court began.  *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (a "properly

22   filed" first PCR notice tolled AEDPA's one-year statute of limitations until it was

23   summarily dismissed because no petition had been filed).

24   Between January 20, 2006 and January 20, 2007, Qualls did not have any

25   proceedings pending in the State courts and he did not file anything in this Court.

26   Accordingly, his one year timeframe expired; once expired, it could not be revived by

27   subsequent filings.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling

28   from untimely state post conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823

1    (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period

2    that has ended before the state petition was filed").

3          Thus, Qualls' petition and amended petition are untimely unless he can show that

4    he is entitled to equitable tolling.  To make such a showing, Qualls must demonstrate

5    both that he pursued his rights diligently and that some extraordinary circumstance

6    prevented him from filing his petitions.  *Holland v. Florida*, 560 U.S. 631, 649 (2010)

7    (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In his multiple pleadings and

8    motions, Qualls never attempts to explain why he failed to file any petition for post-

9    conviction relief in 2005, why he waited over three years between filing his first and

10   second post-conviction petitions, or why he waited seven years between the dismissal of

11   his first post-conviction petition and the filing of his habeas petition in this Court.

12         Instead, Qualls argues that his habeas claim is based on subject matter jurisdiction

13   and that this challenge can be brought at any time.  (Docs. 2, 73-1)  This is not enough to

14   establish equitable tolling in a collateral habeas proceeding.  *Crihalmean v. Ryan*, 2013

15   WL 5524509, at *13 (D. Ariz. Oct. 4, 2013) ("It is true that a claim of a lack of subject

16   matter jurisdiction can generally be asserted at any time during the pendency of a matter.

17   . . . Here, however, Petitioner's criminal case is no longer pending, and this collateral

18   habeas proceeding is not part of that prosecution.  Petitioner cites no authority extending

19   the proposition to collateral proceedings, nor to using it to avoid [a] limitations bar to

20   those collateral proceedings.   The [Court] knows of none.") (citation omitted)

21   Accordingly, Qualls is not entitled to equitable tolling.

22         **IT IS THEREFORE RECOMMENDED** that William Kenneth Qualls' petition

23   and amended petition for writ of habeas corpus be **denied and dismissed with**

24   **prejudice**.

25         **IT IS FURTHER ORDERED** that the following motions filed by Petitioner

26   William Kenneth Qualls be denied as moot:

27         • Motions for Discovery (Docs. 118, 124);

28         • Motion for Status (Doc. 131);

- 6 -

- Motion to Present Evidence (Doc. 132).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 1st day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge