WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Kenneth Qualls, | No. CV-13-01288-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court are the magistrate judge's Report and Recommendation ("R&R") (Doc. 133), recommending that Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (Non-Death Penalty) be denied, and Petitioner's Application for Certificate of Appealability from the District Court and Statement of Reasons in Support (Doc. 138).

I.    **Background**

Petitioner does not dispute, and the Court adopts, the procedural history described by the magistrate judge:

On October 3, 2003, at the conclusion of a five-day trial in the Maricopa County Superior Court, a jury found Qualls guilty of 10 felonies arising out of his sexual contact with minors. (Doc. 90, Ex. B) On November 3, 2003, the court sentenced Qualls to presumptive, consecutive

sentences totaling 96 years. (Doc. 90, Ex. C)

Qualls timely appealed arguing that the statute of limitations had run before the State prosecuted him. (Doc. 90, Exs. D, E) The Court of Appeals disagreed and affirmed his convictions. (Doc. 90, Exs. E, ZZ) Qualls timely petitioned the Arizona Supreme Court for review. (Doc. 90, Exs. G, H) On May 24, 2005, the Arizona Supreme Court denied Qualls' petition for review. (Doc. 90, Ex. G) Qualls did not file a petition for a writ of certiorari to the United States Supreme Court.

On July 27, 2005, Qualls filed a Notice of Post Conviction Relief in Maricopa County Superior Court. (Doc. 90, Ex. I) The Superior Court appointed counsel who, on September 23, 2005, notified the Court that he did not find any claims to raise in postconviction relief proceedings. (Doc. 90, Ex. J) The Superior Court set an extended briefing deadline so that Qualls could file a *pro per* Rule 32 petition. (Doc. 90, Ex. J) Qualls did not file any petition before the Superior Court's December 12, 2005 deadline; on January 20, 2006, the Superior Court dismissed Qualls' Rule 32 proceeding. (Doc. 90, Ex. K)

Successive Rule 32 Petitions. In March 2009 – over three years after the Superior Court dismissed Qualls' Rule 32 proceeding – Qualls filed a Notice and Petition of Post- Conviction Relief in Maricopa County Superior Court. (Doc. 90, Exs. L, M) He argued that his sentence was not imposed in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that his counsel was ineffective. The Court ruled in July 2009, first noting that the substance of his *Apprendi* claim also included *Blakely v. Washington*, 542 U.S. 296 (2004), but then concluding that neither *Apprendi* nor *Blakely* applied because Qualls had received presumptive and not aggravated sentences. The Court further concluded that his ineffective assistance of counsel claim could not be raised in an untimely Rule 32

proceeding. Accordingly, the Court denied his Notice and Petition. (Doc. 90, Ex. O) Qualls appealed. (Doc. 90, Exs. P, Q, R, S) In February 2011, the Court of Appeals denied review, and in August 2011, the Arizona Supreme Court did, too. (Doc. 90, Exs. T, U, V, AAA)

In November 2009, Qualls filed in Maricopa County Superior Court a Motion to Dismiss, along with other supporting documents, all of which argued that his convictions should be vacated because the courts did not have subject matter jurisdiction. (Doc. 90, Exs. W, X) The Court treated his filing as a successive Rule 32 petition that did not raise any cognizable claims and dismissed it. (Doc. 90, Ex. Y)

In July 2010, Qualls filed an Amended Petition for Writ of Habeas Corpus in Maricopa County Superior Court. (Doc. 90, Ex. Z) In this Petition, he appeared to argue lack of subject matter jurisdiction; violations of due process, equal protection and public laws; invalid law and unconstitutional statutes; fraud; kidnapping and unlawful imprisonment; concealment of evidence; and ineffective assistance of counsel. (Doc. 90, Ex. Z) In August 2010, the Court interpreted it as an untimely Rule 32 Petition that did not raise any cognizable claims and dismissed it. (Doc. 90, Ex. AA) Qualls petitioned for review but, in April 2012, the Court of Appeals denied his petition. (Doc. 90, Exs. BB, CC, DD, EE, HHH)

In April 2012, Qualls filed pleadings in the Superior Court which the Court treated as untimely requests for reconsideration and denied them. (Doc. 90, Exs. FF, GG, HH) In May 2012, Qualls filed a petition for review in the Court of Appeals which was dismissed. (Doc. 90, Exs. II, JJ, CCC)

In October 2012, Qualls again filed a Petition for Writ of Habeas Corpus in Maricopa County Superior Court. (Doc. 90, Ex. MM) In November 2012, Qualls filed an amended Petition along with several additional pleadings, all of which argued lack of subject matter jurisdiction,

1    violation of due process, invalid law, and unconstitutional statutes.[1] (Doc.

2    90, Ex. NN) The Superior Court again treated his pleadings as a successive

3    Rule 32 petition that did not raise any cognizable claims and dismissed it.

4    (Doc. 90, Ex. NN) Qualls filed a notice of appeal and, in April 2014, the

5    Court of Appeals granted review and denied relief. (Doc. 90, Exs. OO, PP,

6    FFF)

7         In December 2012, Qualls filed additional pleadings in Maricopa

8    County Superior Court. (Doc. 90, Ex. III) The Court noted that if, as Qualls

9    claimed, he was not seeking Rule 32 relief, then he should file a separate

10   civil action. (*Id.*) Accordingly, the Court took no action on his pleadings.

11   (*Id.*)

12        In July 2013, Qualls filed a second appellate challenge to the

13   Superior Court's August 2010 dismissal. (Doc. 90, Ex. EEE) In September

14   2013, the Court of Appeals granted review and denied relief, and in January

15   2014, the Arizona Supreme Court denied his petition for review. (Doc. 90,

16   Exs. KK, LL)

17        In September 2013, Qualls filed a Petition for Writ of Habeas

18   Corpus in the Court of Appeals. (Doc. 90, Exs. QQ, DDD) The Court of

19   Appeals dismissed his petition because it does not have original habeas

20   jurisdiction and because Qualls did not attempt to invoke appellate

21   jurisdiction or obtain review of the trial court's rulings. (*Id.*)

22        <u>Petition for Writ of Habeas Corpus</u>. On June 27, 2013, Qualls filed a

23   Petition for Writ of Habeas Corpus in this Court. (Docs. 2, 29) The Petition

24   was dismissed without prejudice while his state court proceedings finished.

25   (Doc. 28) Subsequently, this Court ordered Respondents to answer; before

26   

27        [1] Later in November 2012, Qualls filed a "Notice of State's Failure to Rule of

28   Habeas Corpus Request for Order Dismissing State's Action Request for Order" in the Court of Appeals. (Doc. 90, Ex. BB) The Court of Appeals treated his motion as a special action and, on November 21, 2012, declined to accept jurisdiction. (*Id.*)

1   the answer was filed, Qualls filed an Amended Petition along with several

2   other documents. (Docs. 67, 73) In the following months, Qualls filed

3   several additional motions and the Court has denied many of them. (Doc.

4   120)

5   (Doc. 133).

6   **II.   Legal Standard**

7       This Court "may accept, reject, or modify, in whole or in part, the findings or

8   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that

9   the district judge must review the magistrate judge's findings and recommendations *de*

10  *novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d

11  1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263

12  F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes

13  that *de novo* review of factual and legal issues is required if objections are made, 'but not

14  otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

15  1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

16  [magistrate judge's] recommendations to which the parties object.").  District courts are

17  not required to conduct "any review at all . . . *of any issue* that is not the subject of an

18  objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

19  U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those

20  portions of the [report and recommendation] to which objection is made.").

21      The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is

22  incarcerated based on a state conviction.  With respect to the claims Petitioner exhausted

23  before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the

24  Petition on those claims unless "a state court decision is contrary to, or involved an

25  unreasonable application of, clearly established Federal law"[2] or was based on an

26  _____

27      [2] Further, in applying "Federal law" the state courts only need to act in accordance
    with Supreme Court case law.  *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.
28  2003)("In attempting to answer [whether the state court applied Federal law in an
    objectively reasonable manner], the only definitive source of clearly established federal
    law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of

1   unreasonable determination of the facts.  *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

2   Further, this Court must presume the correctness of the state court's factual findings

3   regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923,

4   936 (9th Cir. 1998).

5       "When applying these standards, the federal court should review the 'last reasoned

6   decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

7   **III.   Discussion**

8       **A.      Timeliness**

9       As the magistrate correctly pointed out, "[a] state prisoner seeking federal habeas

10  relief from a state court conviction is required to file the petition within one year of 'the

11  date on which the judgment became final by the conclusion of direct review or the

12  expiration of the time for seeking such review.'" (Doc. 133 at 5) (quoting 28 U.S.C.

13  § 2244(d)(1)(A)). This filing period is tolled during the time in which a "properly filed

14  application for State post-conviction or other collateral review with respect to the

15  pertinent judgment or claim is pending" in the State courts. (*Id.*) (quoting 28 U.S.C. §

16  2244(d)(2). A petitioner is entitled to equitable tolling when he can show "'(1) that he has

17  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

18  his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct.

19  2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting *Pace,* 544 U.S. 408, 418 (2005)).

20      Although Petitioner's conviction did not become final until August 22, 2005 when

21  his deadline to petition the Supreme Court of the United States for a writ of certiorari

22  passed, Petitioner's period of limitations began tolling on July 27, 2005 when he timely

23  filed a notice for post-conviction relief ("PCR"). Petitioner never actually filed a petition

24  for PCR, and the Maricopa County Superior Court dismissed the PCR proceedings on

25  _____

26  the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)].
    While circuit law may be "persuasive authority" for purposes of determining whether a
27  state court decision is an unreasonable application of Supreme Court law, *Duhaime v.
    Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are
28  binding on the state courts and only those holdings need be reasonably applied. *See
    Williams*, 529 U.S. at 412 ("The ... statutory language makes clear ... that § 2254(d)(1)
    restricts the source of clearly established law to this Court's jurisprudence.").

January 20, 2006, at which time Petitioner's period of limitations began to run. No other tolling events occurred until March of 2009 when Petitioner filed a Notice of Petition of Post-Conviction Relief in Maricopa County Superior Court. Given this record, the Court concludes that Petitioner's period of limitations lapsed on January 20, 2007. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (a fully lapsed limitations period does not restart).

Petitioner believes that because his claims are jurisdictional in nature and because subject matter jurisdiction may be brought up at any time, AEDPA's statute of limitations simply does not apply. (Doc. 140 at 2) ("Petitioner maintains that his petition is timely due to the nature of his claims and these claims[,] when taken in the proper order and meaning and together[,] preclude any time frames as AEDPA sets forth."). Petitioner cites no authority for this position, and the Court can find none. Indeed, it appears that courts that have faced this same argument have rejected it. *Tucker v. Ryan*, 2014 WL 1329293, at *5 (D. Ariz. Apr. 1, 2014) ("[T]he Court is not persuaded by Petitioner's argument that, because the state trial court allegedly lacked subject matter jurisdiction, the AEDPA's statute of limitations does not apply to his case."); *Crihalmean v. Ryan*, 2013 WL 5524509, at *13 (D. Ariz. Oct. 4, 2013) (same). The Court agrees with the reasoning of these courts, and therefore concludes that Petitioner's jurisdictional claims do not exempt him from the statutory time limitations imposed by Congress on habeas proceedings.

The only "extraordinary circumstance" Petitioner claims entitles him to equitable tolling was his filing of a February 10, 2015 civil rights suit based on the same allegations he makes in the petition at issue here. (Doc. 140 at 4); Notice of Constitutional Question, *Qualls v. Arizona*, No. CV-15-00255-PHX-JAT(DKD) (D. Ariz. Feb. 10, 2015). The Court fails to see—and Petitioner has done little to explain—why Petitioner's own filing of a civil rights case more than a year *after* he filed his petition, "'stood in his way' and prevented timely filing" of the petition. *Holland*, 560 U.S. at 649. Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.

Therefore, because Petitioner's period of limitations lapsed on January 20, 2007 and Petitioner is not entitled to equitable tolling, the Court concludes that Petitioner's petition is time-barred and must be dismissed.

**B.     State Law Error**

Even if Petitioner had timely filed his petition, the Court could not grant it because Petitioner claims no violations of federal statutory or constitutional law. Petitioner sums up his petition on page 16 of his objections to the R&R:

A) The A.R.S. were not created in a constitutional manner empowering them to become valid state law.

B) This caused my criminal indictment to be fatally flawed.

C) This caused the trial court to lack subject matter jurisdiction.

D) Subject matter jurisdiction challenges were filed prior [to] and post trial. The state failed to prove subject matter jurisdiction and the courts moved and ruled without subject matter jurisdiction.

E) This caused all judgment[s] by the court to be void and a nullity.

(Doc. 140 at 16) (internal citations omitted). Elsewhere in his petition and objections, Petitioner clarifies that, in his view, the Arizona Revised Statutes were enacted by "non-legislative persons not authorized by the *state constitution* to create law." (Doc. 140 at 2) (emphasis added); *see also* (Doc. 2 at 12) ("In 1951 and 1953, the Arizona State Legislature passed two (2) Senate Bills. In these Senate Bills, the actions of the Arizona State Legislature are contrary to the *Arizona State Constitution*." (emphasis added)). Thus, it is clear that Petitioner's arguments are rooted in state law. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). Therefore, even if Petitioner timely filed his petition, the Court must deny the petition.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 133) is

**ACCEPTED AND ADOPTED**; the objections (Doc. 140) are overruled; the Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED** and the Clerk of the Court shall enter judgment of dismissal, with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Application for Certificate of Appealability from the District Court and Statement of Reasons in Support (Doc. 138) is **DENIED**; pursuant to Rule 11 of the Rules Governing Section 2255 cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because denial of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of May, 2015.

James A. Teilborg
Senior United States District Judge